IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CECIL CURRY, | : |
| Plaintiff, | : |
| VS. | : |
| | : CIVIL No: 5:16-CV-0024-MTT-MSH |
| Lieutenant STEVE MCDAVE, and | : |
| DEPUTY JEROME ROBERTSON, | : |
| Defendants. | : |

## ORDER & RECOMMENDATION

Plaintiff Cecil Curry, a pretrial detainee confined in the Baldwin County Jail, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Because Plaintiff is a prisoner "seeking redress from an "officer or employee of a governmental entity," the district court is required to screen his complaint prior to service. *See* 28 U.S.C. § 1915A(a). The undersigned has reviewed Plaintiff's Complaint and finds that his allegations warrant a response from Defendants.[1] Defendants shall thus file an answer or other appropriate response to Plaintiff's Fourth Amendment claims. It is **RECOMMENDED**, however, that Plaintiff's supplemental Fourteenth Amendment claims be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Plaintiff also moved to proceed *in forma pauperis* (ECF No. 2) and paid a $10.00 partial filing fee. Plaintiff's motion to proceed IFP is granted. Federal law requires that Plaintiff still pay the full filing fee over time using the payment plan described in 28 U.S.C. § 1915(b) and discussed herein. The **CLERK** is thus **ORDERED** to forward a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

I.   **Preliminary Review**

   A.   **Standard of Review**

When screening a *pro se* prisoner's complaint under § 1915A(a), the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading must, however, still be dismissed prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, is frivolous or malicious or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

   B.   **Plaintiff's Complaint**

The claims in Plaintiff's Complaint arise out of his December 22, 2015, arrest in Baldwin County, Georgia. Plaintiff alleges that Defendants Lieutenant Steve McDave and Deputy Jay Robertson entered his house by force (through a locked door), without a warrant, woke him up, placed him in handcuffs, shoved him in a patrol car, and transported him to the Baldwin County Jail. Once at the jail, Plaintiff was notified that he was being charged with obstruction, though he had been sleeping at the time of the arrest, and criminal trespassing, though Plaintiff's brother confirmed that he had permission to be in the house. Plaintiff claims that he was also charged with driving under the influence ("DUI") despite the fact that he had not been driving. The DUI charge was dropped, but Plaintiff remains in custody on other charges.

Plaintiff filed this action against both McDave and Robertson for violations of his Fourth Amendment rights—presumably claims for unlawful search, false arrest, and false imprisonment. He has also since submitted a supplemental claim alleging that he was assaulted by other inmates at the jail on February 27, 2016, and that he is "being neglected and put into a situation where [his] health . . . could be jeopardized." *See* Letter, Mar. 10, 2016, ECF No. 8.

Upon preliminary review, the undersigned finds that the allegations in Plaintiff's Complaint, as to his Fourth Amendment claims, are sufficient to require a response from Defendants. However, Plaintiff's supplemental claim arising out of the conditions of his confinement (and/or an injury incurred) at the Baldwin County Jail should be dismissed and refiled after Plaintiff has fully exhausted all remedies available to him through the jail's grievance process. *See* 42 U.S.C. §1997e(a). Given the timing of his supplement, it is clear that Plaintiff has not had time to exhaust—and, even if no grievance process was available to him at the Baldwin County Jail, Plaintiff's brief allegation of his assault, without more, fails to state a Fourteenth Amendment claim against the named defendants. *See* §1915A(b)(1). It is therefore **RECOMMENDED** that Plaintiff's supplemental claims be **DISMISSED WITHOUT PREJUDICE**.

II.     **Right to File Objections**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to any recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of

this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, is hereby **ORDERED** that service be made on Defendants and that they file an Answer, or other response as appropriate under the Federal Rules and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all

motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the

dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff

is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 31st day of March, 2016.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE