IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CECIL CURRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-24 (MTT) |
| | ) |
| Lieutenant STEVE MCDAVE and | ) |
| Deputy JEROME ROBERTSON, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

After screening the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Stephen Hyles, in his Order and Recommendation, allowed the Plaintiff's Fourth Amendment claims to go forward but recommends dismissing his supplemental Fourteenth Amendment claim. (Doc. 9). The Plaintiff has not objected to the Recommendation. The Court agrees that the Plaintiff's brief allegation of the assault underlying his Fourteenth Amendment claim against the named Defendants is insufficient.

The Plaintiff did file a "memorandum" after the Recommendation was entered in which it appears the Plaintiff is attempting to clarify facts from his complaint (Doc. 1) and supplemental complaint[1] (Doc. 8). (Doc. 12). In this memorandum and in his supplemental complaint, the Plaintiff seeks to add a civil claim for "accessory [to]

---

[1] Although this document is docketed as a letter, the Magistrate Judge treated the allegations as "supplemental claims" to the complaint and screened them. (Doc. 9 at 3).

- 1 -

kidnapping."[2]  It is unclear whether the Plaintiff is asserting a federal or state-law claim. With respect to a state-law claim, kidnapping is simply a constituent part of false imprisonment and thus may be dismissed.  *Wilson v. Bonner*, 166 Ga. App. 9, 13-14 (1983).  The Court notes that the Magistrate Judge allowed the Plaintiff's false imprisonment claim to go forward.  In any event, the Plaintiff has failed to provide sufficient facts alleging who was an accessory to kidnapping and what specific acts that person committed related to that claim.[3]

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  The Fourteenth Amendment claim and any claim for "accessory [to] kidnapping" are **DISMISSED without prejudice**.[4]

**SO ORDERED,** this 24th day of June, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] To the extent the Plaintiff seeks criminal charges, "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Williams v. Univ. of Ala. Hosp. of Birmingham*, 353 F. App'x 397, 398 (11th Cir. 2009) ("The government, not private citizens, prosecutes crimes.").

[3] The complaint and supplemental complaint alleges Defendants Lieutenant Steve McDave and Deputy Jerome Robertson participated equally in the alleged false imprisonment and arrest of the Plaintiff, so it is unclear which Defendant would be the accessory or if the accessory is an unnamed individual.

[4] Because the events underlying the Fourteenth Amendment claim occurred on February 27, 2016 and the events underlying the "accessory to kidnapping" claim appear to have occurred on or after December 22, 2015, the relevant two year statute of limitations will not bar the refiling of the Plaintiff's claims.